Singh v. Garland

BIA
A200 938 728

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-four.

PRESENT:
> DENNY CHIN,
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges.*

_____

JASPREET SINGH,
> *Petitioner,*

v.                                                    **21-6395**
                                                       NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**     Anas J. Ahmed, Esq., Pannun the Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; M. Jocelyn Lopez Wright, Senior Litigation Counsel; Alanna Thanh Duong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaspreet Singh, a native and citizen of India, seeks review of a June 16, 2021, decision of the BIA denying his motion to reopen his removal proceedings to reapply for asylum based on his political activities. *In re Jaspreet Singh,* No. A 200 938 728 (B.I.A. June 16, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and its fact-finding for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). It is undisputed that Singh's 2018 motion was untimely filed more than 90 days after the 2016 final administrative decision. 8 U.S.C.

2

§ 1229a(c)(7)(C)(i) (setting 90-day deadline from "final administrative order of removal"); 8 C.F.R. § 1003.2(c)(2) (same). There is an exception if the motion is filed to apply for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

The agency did not abuse its discretion in concluding that Singh failed to satisfy this exception. "[T]o prevail on a motion to reopen alleging changed country conditions where the persecution claim was previously denied based on an adverse credibility finding . . . , the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020); *see also Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) ("[E]vidence submitted by petitioner in support of . . . motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application.").

3

In support of his motion to reopen, Singh provided photographs of himself at a protest in the United States in favor of Sikh independence and affidavits from himself and his father, which asserted that Indian police raided his family home, harmed his father, and threatened to kill Singh following this protest, and that the police have generally escalated mistreatment of young Sikh activists by fabricating reasons to arrest or kill them. The agency did not err in concluding that this evidence was not independent of the claim that it previously found not credible, which was that Congress Party members and the police had arrested and beaten Singh and sought to harm him—possibly by fabricating charges against him—because of his political activities in support of Sikh independence. The new evidence reflects a continuation of prior conditions—i.e., the continued interest of the police in harming him because of his continued political activities—rather than a new basis for relief.

The agency also reasonably concluded that this evidence failed to rehabilitate Singh's prior claim. The new evidence does not address the inconsistencies in Singh's prior statements or his confused hearing testimony, or otherwise compel the conclusion that his prior testimony was truthful. A similar

4

affidavit from Singh's father was submitted in support of his original application, and the agency found that it did not rehabilitate Singh's testimony, and it was not compelled to credit assertions from the same affiant on a motion to reopen. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007) (holding that the BIA may reasonably rely on an adverse credibility finding in the underlying proceedings in evaluating the evidence presented in support of a motion to reopen).

Finally, Singh's argument that the agency displayed an impermissible bias against him is meritless. We have recognized that "motions to reopen 'are disfavored,'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322–23 (1992)), because "[t]here is a strong public interest in bringing litigation to a close . . . promptly," *INS v. Abudu*, 485 U.S. 94, 107 (1988). Neither this legitimate policy consideration, nor any aspect of the BIA's decision, suggests an improper bias. *Cf. Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial bias claims require a showing of "a deep-seated favoritism or antagonism that would make fair judgment impossible," and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

Because Singh failed to overcome the adverse credibility determination or present grounds for relief independent from the claim found to be not credible, the agency did not abuse its discretion in denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); *Kaur*, 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court